**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR JAVIER ESPINO SOLORIO, | No.   18-72636 |
| Petitioner, | Agency No. A098-584-628 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2020
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and CALDWELL,[**] District
Judge.

Petitioner Hector Javier Espino Solorio petitions for review of an order by

the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

("IJ") denial of his motion to terminate removal proceedings and his application

for cancellation of removal, and denial of his motion to remand. We review factual

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Karen K. Caldwell, United States District Judge for
the Eastern District of Kentucky, sitting by designation.

findings for substantial evidence and legal conclusions *de novo*. *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004).

The BIA affirmed the IJ's finding that Petitioner's conviction for a drug offense made him removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), and that his conviction did not qualify for that provision's "personal use exception" to removability. The BIA did not err in so finding because the circumstance-specific approach applies to section 1227(a)(2)(B)(i)'s exception to removability, and the record establishes that the circumstances of Petitioner's conviction disqualify him for the exception. *See Nijhawan v. Holder*, 557 U.S. 29, 33-39 (2009).

Further, this Court has no jurisdiction to review the merits of the BIA's decision to affirm the IJ's discretionary denial of Petitioner's application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Szonyi v. Whitaker*, 915 F.3d 1228, 1258 (9th Cir. 2019).

Finally, the BIA did not err by denying Petitioner's motion to remand because the record establishes that Petitioner did not present previously unavailable, material evidence, as the applicable regulation requires. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015); 8 C.F.R. § 1003.2(c)(1).

**PETITION DENIED IN PART; DISMISSED IN PART.**